UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH KLINE,

    Plaintiff,

v.                                                    Case No: 2:17-cv-47-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Joseph Kline's Complaint (Doc. 1) filed on January 25, 2017. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**B.     Procedural History**

On May 15, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits. (Tr. at 197, 194-95). Plaintiff asserted an onset date of March 10, 2014. (*Id.* at 194). Plaintiff's application was denied initially on July 11, 2014 and on reconsideration on August 22, 2014. (*Id.* at 94, 114). Administrative Law Judge ("ALJ") Hope G. Grunberg held a hearing on September 22, 2015. (*Id.* at 46-83). The ALJ issued an unfavorable decision on October 27, 2015. (*Id.* at 25-40). The ALJ found Plaintiff not to be under a disability from March 10, 2014, through the date of the decision. (*Id.* at 40).

On January 9, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on January 25, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 12).

**C.     Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2018. (Tr. at 27). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 10, 2014, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff had the following severe impairments: "lumbar and cervical degenerative disc disease; left shoulder rotator cuff tear with impingement syndrome and history of surgery; light shoulder tendinopathy; asthma; obstructive sleep apnea; history of ventricular arrhythmia and loop recorder implant; and obesity." (*Id.* at 28). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 31).

At step four, the ALJ found the following:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR [§] 404.1567(b) except the claimant can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. He should avoid workplace hazards including unprotected heights, commercial driving, and dangerous, moving machinery. The claimant should avoid concentrated exposure to extreme temperatures, vibration, and respiratory irritants such as fumes, dusts, odors, gases, and areas of poor ventilation. He can frequently reach overhead with the bilateral upper extremities. Due to the combination of his symptoms and impairments, the claimant is limited to understanding, remembering and carrying out simple, routine and repetitive tasks.

(*Id.* at 32).

The ALJ determined that Plaintiff was unable to perform his past relevant work as a school bus driver, security guard, or newspaper delivery driver. (*Id.* at 38). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 38-40). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) Cashier II, DOT # 211.462-010, light, SVP2; (2) cleaner, housekeeping, DOT # 323.687-014, light, SVP 2; and (3) mail clerk/mailroom clerk, DOT # 209-687-026, light, SVP 2. (*Id.* at 39).[2] The ALJ concluded that Plaintiff was not under a disability at any time from March 10, 2014, through the date of the decision. (*Id.* at 40).

D.  **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

4

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises two (2) issues. As stated by Plaintiff, they are:

(1) The ALJ's decision failed to give appropriate weight to the opinion of the claimant's treating physician.

(2) The ALJ's decision was in error in relying on a response by a vocational expert to an incomplete hypothetical.

(Doc. 19 at 5, 6). The Court addresses each issue in turn.

### A. Weight of Treating Physician

Plaintiff states that the ALJ considered treating physician Mark P. Rubino, M.D.'s opinion, but determined that his opinion was inconsistent with the medical evidence as a whole. (Doc. 19 at 6). Plaintiff argues that the ALJ failed to address one of the limitations contained in Dr. Rubino's evaluation, namely that Plaintiff could bend at the waist only occasionally. (*Id.*) Further Plaintiff states that the ALJ gave great weight to the opinion of Edmund Molis, M.D., a medical advisor to the State Disability Determination Service, but also argues that the ALJ failed to include Dr. Molis' finding that Plaintiff "could only occasionally stoop (bend at the waist),

balance, and crawl" in Plaintiff's RFC. (*Id.*). Plaintiff contends that the ALJ failed to explain why he did not include these postural limitations in Plaintiff's RFC. (*Id.*). The Commissioner responds that the ALJ properly considered Dr. Rubino's and Dr. Molis' opinions. (Doc. 20 at 7).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citations omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Plaintiff asserts that Dr. Rubino limited Plaintiff to bending at the waist or stooping only occasionally. (Doc. 19 at 6). On June 25, 2014, Dr. Rubino completed an evaluation form. (Tr. at 289-90). Dr. Rubino determined the following: (1) Plaintiff could stand, sit, and walk for 1-3

6

hours in and 8-hour day; (2) Plaintiff could not drive; (3) Plaintiff could use his upper extremities for repetitive tasks; (4). Plaintiff could bend (at waist), reach above shoulder, and use feet control occasionally, but had no other such limitations; (5) Plaintiff could lift/carry ten (10) pounds occasionally; (6) Plaintiff had no limitations that are mental/nervous in nature; and (7) Plaintiff had no cardiac functional limitations. (*Id.* at 290). Dr. Rubino opined that Plaintiff was not likely to be able to return to work. (*Id.*).

Similarly, Plaintiff asserts that Dr. Molis also found Plaintiff has limitations that the ALJ did not consider in Plaintiff's RFC. (Doc. 19 at 6). Dr. Molis, a reviewing physician, determined the following: (1) Plaintiff could occasionally lift/carry twenty (20) pounds and could frequently lift ten (10) pounds; (2) Plaintiff could stand and/or walk about 6 hours in an 8-hour workday; (3) Plaintiff could sit for 6 hours in an 8-hour workday; (4) Plaintiff had no limitations as to pushing or pulling with hand or foot controls; (5) Plaintiff could occasionally climb ramps, stairs, balance, stoop (bend at the waist), and crawl; (6) Plaintiff could never climb ladders, ropes, scaffolds; (7) Plaintiff could frequently crouch (bend at the knees); (8) Plaintiff is limited to frequent overhead reaching bilaterally; (8) Plaintiff is unlimited in handling, fingering and feeling; and (9) Plaintiff has environmental limitations. (*Id.* at 108-109).

In the decision, the ALJ gave partial weight to Dr. Rubino's opinion. (*Id.* at 36). Even so, the ALJ never addresses Dr. Rubino's finding that Plaintiff is limited to occasional stopping or bending at the waist. (*Id.* at 37). The ALJ also affords great weight to Dr. Molis' opinion and mentions Dr. Molis' finding that Plaintiff "was limited to occasional climbing of ramps and stairs, balancing, stooping, and crawling." (*See id.* at 36, 37). However, the ALJ does not include any limitations as to Plaintiff's ability to balance, stoop, and crawl in Plaintiff's RFC. (*See id.* at 32). Moreover, the ALJ fails to explain why she did not include these limitations in

7

Plaintiff's RFC especially in light of affording great weight to Dr. Molis' opinion, which is consistent with Dr. Rubino's findings on the stooping limitation. The Court finds that the ALJ erred in failing to either include the limitation that Plaintiff was capable of balancing, stooping, and crawling occasionally in Plaintiff's RFC or explaining why these limitations were not included in Plaintiff's RFC.

The Commissioner asserts that this error was harmless because even though the RFC assessment and the ALJ's hypothetical question do not contain limitations on stooping, balancing, and crawling, Plaintiff would still be able to perform the jobs of a cashier II, cleaner/housekeeping, and mail clerk/mailroom clerk. (Doc. 20 at 14). The Commissioner reaches this conclusion based upon the testimony of the vocational expert at the hearing. (*Id.*). The Commissioner contends that Plaintiff's attorney at the hearing "posited additional hypothetical questions to the VE and the VE's responses demonstrate that if a hypothetical person were limited to no stooping, crouching, kneeling, or crawling, then those limitations would not alter the number of cashier jobs or mail clerk jobs that the VE had identified (Tr. 80-81)." (*Id.* at 14) (emphasis in original).

The Court agrees that the Plaintiff's attorney questioned the vocational expert concerning additional limitations, but the questioning and the responses are not as clear-cut as the Commissioner contends. The following is the exchange between Plaintiff's counsel and the vocational expert on this issue at the hearing:

> Q: Dr. Rubino opined that the Claimant could not stoop, crouch, kneel, or crawl -- or stoop, crouch, kneel, or climb stairs at all. If that were the case, none of these jobs would be available?
> A: So the – I'll just look at my -- I gave here. There was no stooping, crouching, kneel, or crawl [sic].
> Q: Well, actually, I misspoke, initially, because crawl isn't part of that form. It was just stoop, crouch --
> A: Okay.

8

| | |
|---|---|
| Q: | -- kneel, or climb stairs. |
| A: | Right. I'm just going to double check something. There is no -- that would not alter the numbers on the cashier position per the DOT. I'm just going to look on the mail clerk for a second. And based on the DOT or the SCO, there -- it would not eliminate those positions. And one moment, it would eliminate the cleaner from housekeeping. It would eliminate that position. So the two would be remaining. |
| Q: | Yeah, I assume the usher would also be eliminated? |
| A: | Well, let's see, just on that alone? |
| Q: | Yes. |
| A: | If we're just considering that, one second. Stoop, crouch, kneel, or crawl. |
| Q: | Well, aren't ushers required to clean up after the movies? |
| A: | Well, there is a -- that would be a common type of – give me one second. That would -- yeah, usher would be eliminated, yes. There is a -- I was just going by exactly what the DOT says on this particular response. That would be occasional stooping and crouching. So that -- per your hypothetical, that would be eliminated. |
| ATTY: | You are aware of the Social Security Ruling concerning an individual who is unable to stoop at all? |
| ALJ: | Actually, I'm aware of that ruling. That's SSR-83-10 and 83-14, 83-15, and 96-9p. My issue is that it says that only occasional stooping is required for light or sedentary work. So I would agree that a complete inability to stoop would generally, at least at sedentary, preclude work. And I would take notice that it would preclude work at the light level as well. |
| ATTY: | Thank you, Your Honor. ·Nothing further. |

(Tr. at 80-82).

To be clear, Dr. Molis limited Plaintiff, *inter alia*, to occasionally climbing ramps, climbing stairs, balancing, stooping, and crawling. (*Id.* at 108-109). The RFC included limitations as to climbing ramps and stairs. (*Id.* at 32). But the RFC and hypothetical were silent as to balancing, stooping, and crawling. (*Id.*). At the hearing, Plaintiff's attorney's hypothetical limitations related to the inability to stoop, crouch, kneel, or climb stairs, but did not question the

9

vocational expert as to balancing and crawling. (*Id.* at 80).[3] Although the testimony is not the model of clarity, it appears that the vocational expert did not opine as to the availability of jobs if an individual has additional limitations as to balancing and crawling, in combination with the other limitations as determined by the ALJ.

If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winchell v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). Given the ALJ's lack of inclusion of some of Dr. Molis' limitation in the RFC and the hypothetical to the vocational expert and the ALJ's failure to explain such, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning her conclusion that Plaintiff is capable of performing the jobs of cashier II, cleaner/housekeeping, and mail clerk/mailroom clerk. (*See* Tr. at 39). The Court finds that substantial evidence does not support the ALJ's decision.

**B.     Plaintiff's Remaining Arguments**

Plaintiff's remaining issues focus on other points related to the hypothetical posed to the vocational expert and a failure to develop the record relating to Plaintiff's alleged psychological limitations. Because the Court finds that on remand the Commissioner must reevaluate the medical evidence and pose a more complete hypothetical question, the disposition of these remaining issues would, at this time, be premature.

---

[3] The Court notes that Plaintiff's attorney initially asked about crawling, but before the vocational expert could respond, the attorney indicated that he misspoke and eliminated crawling in his question. (Tr. at 80-81).

### III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that substantial evidence does not support the Commissioner's decision.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to: (1) reconsider the medical opinions of record; and (2) posit a hypothetical question to the vocational expert that contains all of Plaintiff's limitations.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties